IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CURTIS RAY WOLF, § | |
| (TDCJ-CID #783386) § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-05-1231 |
| § | |
| STATE OF TEXAS, *et al.,* § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Curtis Ray Wolf, a state prisoner, sued in April 2005, seeking a writ of mandamus to compel the Texas Court of Criminal Appeals to require the 174th Judicial District Court of Harris County, Texas to provide him with the record of his criminal trial. This court lacks jurisdiction to consider Wolf's petition for a writ of mandamus and dismisses this petition. The reasons for this ruling are stated below.

**I.     Procedural History and Background**

On April 20, 2004, Wolf filed a motion to obtain the record of his criminal trial. Wolf complains that his pro se motions were never filed by the state court. Wolf asserts that he filed a motion to compel a ruling on his motions, but the trial judge continued to ignore his requests. Wolf asserts that he filed a petition for a writ of mandamus in the Texas Court of

Criminal Appeals, but that court construed it as a petition for a writ of habeas corpus. Wolf asks this court to compel the Texas appellate courts to compel the 174th Judicial District Court of Harris County, Texas to provide him with a copy of the record of his criminal trial.

## II.     Analysis

This court lacks jurisdiction to issue a writ of mandamus to the Texas court. Federal district courts are courts of limited statutory jurisdiction. *See Dunn-McCampbell Royalty Interest, Inc. v. National Park Service,* 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994). The only federal statute conferring the authority on the federal district courts to issue writs of mandamus is 28 U.S.C. § 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Dunn-McCampbell Royalty Interest, Inc.*, 112 F.3d at 1288 (quoting 28 U.S.C. § 1361). The respondents in this case are the 174th Judicial District Court of Harris County, Texas and the Texas Court of Criminal Appeals. These courts are not federal officers, agents, or employees and are not subject to the statutory mandamus authority of this court. This court lacks jurisdiction over Wolf's petition for a writ of mandamus.

### III.     Conclusion

Wolf's petition for a writ of mandamus is DENIED.  Wolf's applications for leave to proceed *in forma pauperis,* (Docket Entry Nos. 2 & 3), are DENIED as moot.  Any and all remaining pending motions are DENIED as moot.[1]

The Clerk is directed to provide a copy to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Clerk of Court, United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, attention: Betty Parker.

SIGNED on April 25, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] A prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Before filing this action, Wolf had at least three suits dismissed as frivolous.  *Wolf v. Humphries,* 4:02-100 (W.D. Tex.) (dismissed February 6, 2003); *Wolf v. English,* 6:99-187 (E.D. Tex.) (dismissed June 17, 1999); and *Wolf v. Rooke,* 4:97-2044 (S.D. Tex.) (dismissed May 21, 1998).  Wolf has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury.  To the extent Wolf complains of civil rights violations under 42 U.S.C. § 1983, he would be barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.